In the matter of the appeal from the decree of the orphans court of Bergen county removing Johanna Schmitt Schimmel, appellant, as co-executrix of the last will and testament of Rose M. Roeben, deceased.

[Submitted October 18th, 1938. Decided February 6th, 1939.]

*Messrs. Sarnow & Asarnow (Mr. H. Kermit Green,* of counsel), for the appellant.

*Mr. Clyde Christie,* for the respondent.

The opinion of the court was delivered by

Trenchard, J.

This is the appeal of Johanna Schmitt Schimmel from the

final decree of the prerogative court affirming a decree of the orphans court removing her as co-executrix of the will of Rose M. Roeben, deceased, on the ground of bad faith and abuse of trust.

We think that decree was right and should be affirmed.

In the course of his opinion the learned vice-ordinary said: "There was some evidence adduced before the orphans court tending to establish all of these charges, all of which, except the fact of non-payment of rent by herself, were denied by her. There was sufficient evidence to sustain the accusations and justify her removal, and this court will not reverse the finding of the court below before which the witnesses personally appeared and as to whose credibility that court was in the best position to judge."

We think that was not an entirely accurate statement of the rule and may possibly be misleading. The true pertinent rule is this: On appeal to the prerogative court from a decree of the orphans court removing a co-executrix of decedent's will on the ground of bad faith and abuse of trust, while great weight is given to the finding upon questions of fact by the orphans court judge, because, having heard the case and seen the witnesses and heard them testify, he had a better opportunity to judge their credibility than the reviewing court; but that rule imposes no restriction on the power and duty of the reviewing court to ascertain, by full investigation and analysis of the evidence what the facts are, and whether the general finding is consistent therewith.

Now after examination of the record we conclude that in fact such an investigation and analysis of the evidence was made by the reviewing court and that it fully justified in all respects the decree of the ordinary.

The result is that the decree of the court below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.